■ AMERICAN EXPRESS Co., Respondent, v ALBERT R. PAONESSA, Doing Business as TOWNE PHARMACY, Appellant.—Order unanimously affirmed, without costs. Memorandum: Plaintiff sues to recover $4,145.21 due it under the terms of a "Trust Agreement and Appointment of Agent for Sale of American Express Money Orders." The contract was executed in 1972 and by its terms defendant was appointed a sales agent of plaintiff. It was similar to and replaced a 1965 contract between the parties. The amount in suit represents money due plaintiff from defendant from the balance of plaintiff's money orders. The money was stolen from defendant. Defendant admitted the execution of the agreement and the amount of plaintiff's loss. He claimed in opposition to plaintiff's motion for summary judgment that he signed the 1972 contract holding him responsible for all losses, because of

the fraudulent misrepresentations of plaintiff's agent that the contract contained a clause limiting his liability which was similar to a limitation clause contained in the earlier 1965 agreement between the parties. Further, he claims that plaintiff is estopped from enforcing the loss paragraph of the 1972 contract. Special Term granted plaintiff's motion for summary judgment. The 1965 contract between the parties contained a provision that limited defendant's responsibility for losses to amounts incurred as a result of holding the sales receipts more than one day. The new contract, executed in 1972, charged him with responsibility for all losses. Defendant alleges that at the time the 1972 agreement was submitted to him, plaintiff's agent stated that there was no substantive difference in the two agreements and that the new agreement was necessary "to bring the old Trust Agreement up to date". These allegations are not sufficient to raise an issue of fact on fraudulent inducement. The contract was before defendant to read and sign or to· refuse to sign, as he chose. Defendant's ignorance of the contract terms, whether the result of negligence on his part or inexcusable trustfulness of the other party to the contract, will not relieve him of the contract obligations (Metzger v Aetna Life Ins. Co., 227 NY 411, 416–417). He cannot claim that he was induced to execute this business agreement by plaintiff's misstatements when he had an opportunity to examine the contract before signing (see Amend v Hurley, 293 NY 587, 595). After the first of the two losses occurred, plaintiff, believing the 1965 contract was still in effect, offered to waive its claim for one-day losses. A second theft occurred thereafter and plaintiff refused to apply the one-day rule to this second loss. Defendant rejected the settlement proposal and it was withdrawn by plaintiff. Defendant now asserts that plaintiff is estopped from enforcing the 1972 contract because of its original belief that the 1965 contract was still in effect. Defendant, of course, was chargeable with knowledge of the terms of his contract and this mistake by plaintiff and its subsequent offer to settle on the basis of the 1965 contract terms even after it recognized that the 1965 contract was no longer in effect did not estop it from enforcing the existing contract between the parties. (Appeal from order of Niagara Supreme Court—summary judgment.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.