*728 OPINION OF THE COURT
Bernard J. Fried, J.
The plaintiff Deep Blue Ventures, Inc. moves for an order, pursuant to CPLR 3211 (b), dismissing the second affirmative defense, and the third affirmative defense and counterclaim contained in the answer, and, pursuant to CPLR 3212, granting summary judgment to Deep Blue on liability.
Pursuant to a written asset purchase agreement, Deep Blue sold its precious metals business to the defendant Manfra, Tordella & Brookes, Inc. (Manfra Tordella). The complaint seeks to recover the unpaid portion of the purchase price.
Section 2.5 (a) of the agreement provides: “During the 90 day period commencing on the Closing Date (the ‘Collection Period’), the Buyer shall act as a collection agent for the Seller for the Trade Receivables.”
The second affirmative defense alleges that, pursuant to the agreement, after the closing, Manfra Tordella was to collect, and remit to Deep Blue, certain funds (the receivables). Also pursuant to the agreement, Manfra Tordella was to liquidate the inventory it purchased, and pay over to Deep Blue the amount it collected (the inventory differential) in excess of the melt value, less expenses. Both the receivables and inventory differential were collected and deposited into the Connecticut Bank of Commerce. It is alleged that the bank failed, and that, pursuant to the agreement, the plaintiff Deep Blue bore the risk of this loss.
The third affirmative defense and counterclaim alleges that Deep Blue misrepresented the premium rate of the business’ transit insurance policy. It is alleged that, under the agreement, any additional premiums that may be found to be due for the policy period in effect for the months prior to the closing are the exclusive obligation of Deep Blue, which agreed to indemnify Manfra Tordella.
In support of its motion, Deep Blue makes the following arguments. The answer does not satisfy the well-recognized requirements for applying the doctrine of impossibility of performance. In accordance with the plain language of the agreement, Deep Blue is entitled to the immediate payment of the sum of $364,828, consisting of a portion of the purchase price defined as inventory differential, and a portion of the accounts receivable collected after the closing. Pursuant to section 10.1 of the agreement, Manfra Tordella has an absolute obligation to pay *729 the receivables. The agreement contained no representations about the insurance rate.
In opposition to the motion, Manfra Tordella makes the following arguments. Under the agreement, Manfra Tordella acted as Deep Blue’s collection agent, and Deep Blue bore the risk of loss for the proceeds of the receivables and inventory differential that were lost when the bank was closed because it was insolvent. Even if the funds are otherwise due, pursuant to the express terms of the agreement, Manfra Tordella has the right to withhold the monies now sought because of its unresolved right to be indemnified in connection with a claim asserted for additional premiums under the insurance policy assumed by Manfra Tordella. Deep Blue suggested that Manfra Tordella use the bank that failed.
In reply, Deep Blue makes the following arguments. The answer does not assert a defense based on agency. The agreement does not make Manfra Tordella a collection agent for the inventory differential. The “no oral modification” clause of the agreement bars any allegation that Deep Blue orally suggested the use of the failed bank.
Preliminarily, it should be noted that a motion for summary judgment is to be determined upon the facts appearing in the papers without regard to technical defects in the pleadings. In reviewing such a motion, it is proper to look beyond the defendant’s answer and deny summary judgment if facts are alleged in opposition to the motion which, if true, constitute a meritorious defense. A defense established by the papers may be sufficient, though unpleaded, to warrant denial of motion for summary judgment (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175 [1982]). Furthermore, contrary to Deep Blue’s assertion, Manfra Tordella has not raised the defense of impossibility of performance (Kel Kim Corp. v Central Mkts., 70 NY2d 900 [1987]).
A motion to dismiss a defense on the ground that a defense either is not stated or has no merit (CPLR 3211 [b]) is not limited to defectively pleaded defenses, but may be used to destroy the factual foundation on which the defense depends (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:39).
The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issue of fact from the case (e.g. Sillman v Twentieth Century-Fox *730 Film Corp., 3 NY2d 395 [1957]). The failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action. Mere conclusions, expressions of hope, or unsubstantiated allegations are insufficient for this purpose (Zuckerman v City of New York, 49 NY2d 557 [1980]).
I turn first to the question of the risk of loss of the funds representing the receivables and inventory differential before turning to the issue of the insurance premiums owed for the time period preceding the closing.
A person who makes a contract with another to perform services as an agent for him or her is subject to a duty to act in accordance with his or her promise. Thus, a principal has a cause of action against the agent for violation of the agency contract (American Express Co. v Paonessa, 57 AD2d 1079 [4th Dept 1977]).
Here, the plaintiff Deep Blue, by citing the agreement’s payment terms, satisfied its burden of producing evidence which, if uncontroverted, is sufficient to warrant judgment in its favor as a matter of law. However, the defendant Manfra Tordella has met its burden of demonstrating the existence of a material triable issue of fact.
Although there is a paucity of recent case law controlling the instant dispute, there are several sections of the Restatement (Second) of Agency that are relevant to the factual situation presented.
Restatement (Second) of Agency § 72, “Authority Inferred From Authority To Receive Payment,” provides in relevant part:
“Unless otherwise agreed, authority to receive payment includes authority:
“(a) to receive payment in full in money or other customary medium of exchange when the debt is due.”
Comment e to section 72 (a) provides in relevant part: “An agent is ordinarily authorized to deposit money received in a bank, or other safe depositary . . . .”
Restatement (Second) of Agency § 422, “Agents In Charge Of Land Or Chattels,” provides in relevant part:
*731 “Unless otherwise agreed, an agent who has charge of land or chattels for his principal is subject to a duty to the principal to use reasonable care in their protection, to use them only in accordance with the directions of the principal and for his benefit, and to surrender them upon demand or upon the termination of the agency.”
Restatement (Second) of Agency § 426, “Agents To Make Collections,” provides in relevant part: “Unless otherwise agreed, an agent employed to collect from others goods or money due the principal has a duty of using reasonable care and skill in making such collections in accordance with the directions of the principal.”
Restatement (Second) of Agency § 427, “Agents Who Have Made Collections,” provides in relevant part:
“Unless otherwise agreed, an agent who has received goods or money for the principal has a duty to use care to keep them safely until they are remitted or delivered to the principal, and to deliver them to the principal upon his demand when the amount due him has been ascertained.”
Comment a to section 426 provides in relevant part: “An agent may assume a duty to guarantee collections; if he does not so agree he is not liable unless the loss results because of his incompetency or failure to use care.”
Applying the above principles to the instant case, it is apparent that an agent who has received money for the principal has a duty to use care to keep it safely until it is delivered to the principal. Moreover, the deposit in a bank account constitutes performance of that duty. In addition, the agent is not an insurer, and an agent who uses care, skill, and integrity in the preservation of the principal’s property will not be responsible for an entirely unforeseeable result. Further, there is no evidence that Manfra Tordella assumed a duty to guarantee the collection of either the receivables or the inventory differential.
Contrary to Deep Blue’s assertion, the agency relationship was not limited to the receivables. Although the agreement made explicit Manfra Tordella’s role as collection agent of the receivables, the agreement could also be read as creating an implicit agency with regard to the inventory differential. Section 2.4 (d) of the agreement required that, after the closing, the buyer, Manfra Tordella, resell the inventory, submit every other week to Deep Blue a summary of the inventory resales, and a *732 summary of the melt value to be applied to the resold inventory item, as part of the purchase price calculation.
Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act (Restatement [Second] of Agency § 1 [1], “Agency; Principal; Agent”). Although agency is a consensual relationship, how the parties to any given relationship label it is not dispositive (Restatement [Second] of Agency § 1, “Agency; Principal; Agent,” Comment on Subsection [1]). The existence of an agency relationship does not depend upon the intent of the parties to create it, nor upon their belief that they have done so. To constitute the relationship, there must be an agreement, but not necessarily a contract, between the parties; if the agreement results in the factual relationship between them to which are attached the legal consequences of agency, an agency may exist although the parties did not call it agency and did not intend the legal consequences (Nelson v Serwold, 687 F2d 278, 282 [9th Cir 1982]).
Applying these principles, there are triable issues of material fact concerning whether Manfra Tordella was an agent for the collection of the inventory differential.
Finally, the provision in the agreement against oral change or termination does not foreclose the defense Manfra Tordella now asserts. General Obligations Law § 15-301 (1) provides that written agreements expressly proscribing oral modification cannot be changed by oral executory agreement, unless there was partial performance of the oral modification which was unequivocally referable to the modification. However, General Obligations Law § 15-301 (1) speaks only to a change by agreement (Rose v Spa Realty Assoc., 42 NY2d 338 [1977]). There is nothing inherently incompatible with the written agreement and an oral agreement for Manfra Tordella to use a bank selected by Deep Blue. Thus, the selection of a specific bank in which to make the deposits was not a modification of the agreement.
Moreover, in this action, triable issues of fact exist on the question of whether Deep Blue suggested the use of the bank that eventually failed. Whether Manfra Tordella acted in justified reliance upon that suggestion to its detriment precludes summary judgment.
Accordingly, the motions to dismiss the second affirmative defense, and for- summary judgment on liability, must be denied.
*733 Turning to the motion to dismiss the third affirmative defense and counterclaim, contrary to Deep Blue’s assertion, the agreement does not bar a setoff for the insurance premiums found to be owing for the period of time prior to the sale of the business. Section 2.3 of the agreement provides that all “liabilities of the Seller of the Business or otherwise not assumed by the Buyer pursuant to the Assumption Agreement or this Agreement shall remain the obligation of the Seller.” The bill presented by the insurance company to Manfra Tordella, for the insurance provided to Deep Blue for the period of time preceding the closing, could easily be understood to fall into the category of an obligation of the seller, Deep Blue.
Accordingly, the motion to dismiss the third affirmative defense must also be denied, and it is ordered that the motion to dismiss, and for summary judgment, is denied.